WO                                                                                                                       MH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Phillip T. Charleston,

    Petitioner,

v.

Russell Heisner,

    Respondent.

No. CV 21-01835-PHX-JAT (ESW)

**ORDER**

    Petitioner Phillip T. Charleston, who is confined in the Federal Correctional Institution-Phoenix, has filed a pro se Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and a Supplemental Memorandum of Law in Support (Doc. 10). On January 18, 2022, Petitioner paid the filing fee. The Court will require an answer to the Petition.

**I.    Background**

    Following a jury trial in the United States District Court for the Northern District of Indiana, Petitioner was found guilty of two counts of carrying a firearm during a violent crime, in violation of 18 U.S.C. § 924(c)(1); obstructing commerce by robbery, in violation of 18 U.S.C. § 1951; carjacking, in violation of 18 U.S.C. § 2119; and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Charleston*, 2-01-CR-00048-JTM (N.D. Ind.), Doc. 43. On September 26, 2002, Petitioner was convicted and sentenced to a combination of concurrent and consecutive prison terms totaling 492 months. *Id.*, Doc. 71. Petitioner filed an appeal, and on April 28, 2003, the

Seventh Circuit Court of Appeals granted counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and dismissed Petitioner's appeal as frivolous. *United States v. Charleston*, 63 F. App'x 951, at *2 (7th Cir. 2003). Petitioner then filed a petition for a writ of certiorari, which the United States Supreme Court denied on November 10, 2003. *Charleston v. United States*, 540 U.S. 1010 (2003).

Petitioner's first § 2255 motion was denied by the sentencing court on January 9, 2006. *United States v. Charleston*, 2-01-CR-00048-JTM (N.D. Ind.), Doc. 111. His second § 2255 motion (filed while the first motion was still pending) was denied on January 31, 2005. *Id.*, Doc. 94. Petitioner subsequently filed several motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, all of which were summarily dismissed as unauthorized second or successive § 2255 motions. *United States v. Charleston*, 2-01-CR-00048-JTM (N.D. Ind.), Docs. 168, 176, 211. Petitioner's related efforts to obtain a certificate of appealability from the Seventh Circuit Court of Appeals were unsuccessful. *See Charleston v. United States*, Nos. 08-2033, 10-1284, 11-2069, 11-2477, 11-2069, 14-1131 (7th Cir.). In its penultimate order denying Petitioner leave to file a second or successive collateral attack, the Seventh Circuit imposed a $5,000 fine on Petitioner for filing frivolous papers and barred him from filing further suits in that circuit until he had paid the fine, stating,

> Until [Petitioner] pays [$5,000] in full to the clerk of this court, he is barred from filing further civil suits in the courts of this circuit in accordance with *Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995), and any papers he submits attacking his current criminal judgment, including any future collateral attacks, shall be returned unfiled. Any applications for authorization to file collateral attacks will be deemed denied on the 30th day unless the court orders otherwise.

*Charleston v. United States*, No. 14-1131 (7th Cir.), Doc. 3.[1]

---

[1] Petitioner's final application for a certificate of appealability was filed through counsel following the district court's dismissal of a successive § 2255 motion filed pursuant to *Johnson v. United States*, 135 S. Ct. 2251 (2015). *See Charleston v. United States*, No. 16-2692 (7th Cir.), Doc. 5; *United States v. Charleston*, 2-01-CR-00048-JTM (N.D. Ind.),

## II. Petition

Petitioner raises one ground for relief, alleging he is actually innocent of his conviction under 18 U.S.C. § 922(g), in light of the Supreme Court's determination in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), that a conviction under this statute requires a defendant to know both that he "engaged in the relevant conduct" by possessing a firearm and that he "fell within the relevant status." *Rehaif*, 139 S. Ct. at 2194; 18 U.S.C. § 922(g)(1).

As noted above, Petitioner was convicted pursuant to 18 U.S.C. § 922(g)(1), which prohibits possession of a firearm by a person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." According to Petitioner, he did not know on July 13, 2000, the date his federal crimes were committed, that his underlying conviction was punishable by a term of imprisonment exceeding one year because he was not convicted on the underlying charge until August 8, 2000, and was sentenced at that time to a suspended prison term of two years and eight months, which meant he was only required to serve probation. Petitioner claims that he has not had an unobstructed procedural shot at pursuing this claim because *Rehaif* was not decided until after he had already exhausted his direct appeal and first §2255 motion.

The Court will require Respondent to answer the Petition.

## III. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . . .

. . . .

---

Doc. 243. The Seventh Circuit denied Petitioner's application after obtaining briefing from both parties. *See Charleston v. United States*, No. 16-2692 (7th Cir.), Doc. 5.

### B. Copies

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1), the Supplemental Memorandum of Law (Doc. 10), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, the Supplemental Memorandum of Law, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) **and** to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(2) Respondent Russell Heisner must answer the Petition within 20 days of the date of service. Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(3) Regarding courtesy copies of documents for chambers, Respondent is directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/

sites/default/files/documents/adm%20manual.pdf.

(4) Petitioner may file a reply within 30 days from the date of service of the answer.

(5) This matter is referred to Magistrate Judge Eileen S. Willett pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 16th day of February, 2022.

James A. Teilborg
Senior United States District Judge