WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip T Charleston, | No. CV-21-01835-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Russell Heisner, | |
| Respondent. | |

Pending before the Court is Petitioner Phillip T. Charleston's Petition for Writ of Habeas Corpus. (Doc. 1). He challenges his federal conviction for the offense of possessing a firearm after having been convicted of a crime punishable by more than one year in prison, arguing that he is actually innocent. The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the petition be dismissed without prejudice. (Doc. 31). Petitioner filed objections, (Doc. 32), and Respondent responded to those objections, (Doc. 35). The Court now rules on the petition.

**I.  LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas*

*v. Arn*, 474 U.S. 140, 149 (1985); see also 28 U.S.C. § 636(b)(1) ("the court shall make a de novo determination of those portions of the [R&R] to which objection is made.").

## II.   BACKGROUND

On August 8, 2000, an Indiana state court accepted Petitioner's plea of guilty to a Class C felony, which carried a statutory sentence between two and eight years. (Doc. 24 at 12–16); Ind. Code § 35-50-2-6 (2000); *and compare* 1996 Ind. Acts 213 § 5, *with* 2005 Ind. Acts 71 § 9. Petitioner was sentenced to three years, of which four months had already been served and two years and eight months were suspended to be served as probation. (Docs. 24 at 15–16; 28 at 13). In the course of the plea and sentencing proceedings the state court found that Petitioner: "enters a plea of guilty to a Class C felony. . . . [,] understands the nature of the charge against him, . . . . [and] understands the minimum and maximum sentence . . . therefor." (Doc. 24 at 14). Because Petitioner was sentenced only to time served and probation, he was released upon being sentenced. (*See id.* at 16).

Ninety days later on November 6, Charleston participated in the armed carjacking of a UPS truck. *Compare United States v. Charleston*, 63 Fed. App'x 951, 952 (7th Cir. 2003), *with* A Request Under 28 U.S.C. § 2244(b) or the Final Paragraph of 28 U.S.C. § 2255 for Leave to File a Second or Successive Petition, at 3–4, *Charleston v. United States*, (7th Cir. 2008) (No. 08-2033); *see also Charleston v. United States*, No. 16-2692, at 1 (7th Cir. July 25, 2016).

In 2002 Petitioner was convicted in the United States District Court for the Northern District of Indiana of (among other crimes) possessing a firearm after having been convicted of a crime punishable by a term of imprisonment longer than one year, in violation of 18 U.S.C. § 922(g)(1).[1] Petitioner remains in prison and is currently incarcerated in a federal prison in Phoenix, Arizona. (*Id.* at 1). The Seventh Circuit Court of Appeals dismissed as frivolous his appeal of his conviction in 2003, and the U.S. Supreme Court denied certiorari later that year. (*Id.* at 2). The sentencing court denied

---

[1] (Doc. 31 at 1–2). The R&R recounts the factual and procedural history of this case at pages 1–3, primarily relying on this Court's screening order (Doc. 14). Neither party objected to this section of the R&R, and the court hereby accepts and adopts it.

Petitioner's first § 2255 motion in 2006, having in 2005 denied his second § 2255 motion which had been filed while the first motion was pending. (*Id.*). In 2009 and 2011 Petitioner filed several Rule 60(b) motions, which the sentencing court dismissed as unauthorized second or successive § 2255 motions. (*Id.*). Petitioner's related efforts to obtain a certificate of appealability from the Seventh Circuit were unsuccessful. (*Id.*).

### III. ANALYSIS

Petitioner raises one ground for relief in his petition: that he is actually innocent of an offense of which he was convicted. (Doc. 1 at 8). The R&R found that Petitioner had not plausibly shown actual innocence, and also concluded that his case should be dismissed rather than transferred. (Doc. 31 at 5–9). Petitioner objects to these conclusions. (Doc. 32 at 1–6). Respondent, among other things, argues that Petitioner's objections are too general to warrant this Court's de novo review. The Court first considers the sufficiency of Petitioner's objections before proceeding to a review of the R&R.

#### a. Sufficiency of Objections

Respondent argues that Petitioner failed to identify any specific legal or factual error within the R&R and that the Court may as a consequence adopt the R&R without de novo review. (Doc. 35 at 4). As discussed, district courts must review de novo any portion of the R&R to which objection is made. 28 U.S.C § 636(b)(1). Such objections must be specific. Fed. R. Civ. P. 72(b)(2). Any objection lacking the requisite specificity is treated the same as a failure to object, and "the Court is relieved of any obligation to review it." *Martin v. Ryan*, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014) (collecting cases). An objection may be too general to trigger de novo review where it does not "point to any specific flaws in the Magistrate Judge's legal analysis," *Beasley v. FBI*, 2019 WL 2359245, at *1 (D. Ariz. June 4, 2019), or where it gives a district court "no guidance as to exactly what portions of the [R&R] Petitioner considers to be incorrect," *Gutierrez v. Flannican*, 2006 WL 2816599, at *2 (D. Ariz. Sept. 29, 2006).

Here the Court has no difficulty determining which portions of the R&R Petitioner finds objectionable, and that Petitioner has made those objections with sufficient specificity

to warrant de novo review. Petitioner objects to the conclusion of the R&R that Petitioner has not plausibly shown actual innocence, contends to the contrary that he is actually innocent of the offense of which he was convicted, and identifies a series of purported legal and factual errors in the R&R. (Doc. 32 at 1–6). Petitioner also objects to the Magistrate Judge's recommendation that the petition be dismissed, stating that the Court "should not dismiss the petitioner['s] § 2241 petition." (*Id.* at 1.). The Court will therefore review the objected-to portions of the R&R de novo.

### b. Escape Hatch

In considering the habeas petition of a federal prisoner a court must first determine whether it properly has jurisdiction "before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). The general rule is that, while challenges to the "manner, location, or conditions of a sentence's execution" must be brought under 28 U.S.C. § 2441 in the district where the petitioner is incarcerated, a petitioner may only test the legality of his detention via a motion under 28 U.S.C. § 2255, which must be filed in the sentencing court. *Id.* at 864 (citations omitted). An exception to this rule, called the "escape hatch," is found in 28 U.S.C. § 2255(e), and permits a petitioner to challenge the legality of a sentence through a motion under § 2241 if his § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Allen v. Ives*, 950 F.3d 1184, 1188 (9th Cir. 2020) (quoting 28 U.S.C. § 2255(e)).

Because Petitioner was sentenced in the Northern District of Indiana but is incarcerated in Arizona, the Court will have jurisdiction over his petition only if he may proceed under § 2241. The R&R found that, although Petitioner filed the petition using a form with the title "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241," (Doc. 1 at 1), Petitioner is challenging the legality of his conviction and may therefore proceed under § 2241 only if Petitioner meets the requirements of the § 2255 escape hatch. (Doc. 31 at 4–5). Petitioner agrees with this finding, (Doc. 32 at 1, 6), and the Court hereby accepts and adopts it.

The escape-hatch requirement that a § 2255 remedy be inadequate is met where the

petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Allen*, 950 F.3d at 1188 (cleaned up). To demonstrate actual innocence a "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Petitioner contends that he is actually innocent of one of the offenses of which he was convicted, namely violating 18 U.S.C. § 922(g)(1). This statute—which is commonly referred to as "felon in possession of a firearm," *see, e.g.*, *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021)—prohibits, among other things, any person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" from "possess[ing] . . . any firearm or ammunition." The Supreme Court in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) held that, to convict a defendant under § 922(g)(1), the government must prove that the defendant not only knew he possessed a firearm, but also knew at the time he possessed it that he had the relevant status, i.e., had been convicted of a crime punishable by imprisonment for a term exceeding one year.[2]

Petitioner argues that he is actually innocent of violating § 922(g)(1) because he did not know that he had been convicted of a crime punishable by more than one year in prison. (Doc. 1 at 5, 7–8). Petitioner's arguments suggest two possible explanations for his claimed lack of knowledge of his status: either that he did not understand that he had been sentenced to more than one year in prison at the time he was sentenced, or that he did understand the sentence but forgot the fact at some point between when he was sentenced and when he possessed a firearm.

Petitioner has not made a sufficient showing of either possibility. (*See* Doc. 32 at 2–4). First, he has not shown that it was more likely than not that no reasonable juror could find that he understood when he was sentenced that he had been convicted of a crime punishable by more than one year in prison. Petitioner "faces an uphill climb" in arguing

---

[2] *Rehaif*, 139 S. Ct. at 2198, 2200. This ruling "upended the unanimous and well-settled law of at least ten circuit courts of appeals, which had held for decades that the Government need not prove that a defendant knew of his status." *United States v. Werle*, 35 F.4th 1195, 1197 (9th Cir. 2022) (citing *Rehaif*, 139 S. Ct. at 2210 n.6 (Alito, J., dissenting)).

that "he did not know he was a felon" for the simple reason that if "a person is a felon, he ordinarily knows he is a felon." *Greer*, 141 S. Ct. at 2097. "That simple truth is not lost upon juries," and thus "absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon." *Id.* (emphasis in original). The *only* basis Petitioner presents upon which a jury could potentially conclude that he did not understand he was a felon when he was sentenced is the fact that he served less than one year in prison. (*See* Docs 1, 28, 32). But even where a defendant served a year or less of a longer sentence, having been sentenced to more than one year in prison "is powerful evidence that he knew that the crimes of which he was convicted were punishable by more than one year in prison *at the time of sentencing*." *Werle*, 35 F.4th at 1205 (emphasis in original). Petitioner was convicted of a crime punishable by more than one year in prison, and the state court found that he understood the nature of the charge and the sentencing range he faced. A jury would therefore have no reason to conclude that Petitioner did not understand that he was convicted of a crime punishable by a sentence of more than one year, and powerful evidence from which to conclude the opposite.

Second, Petitioner has not shown that it was more likely than not that no reasonable juror could find that he remembered his sentence while he was possessing a firearm. Defendant cites *Werle* for the proposition that it is possible for a defendant who is sentenced to more than a year in prison but who serves less than a year to eventually forget the length of his sentence. *Werle*, 35 F.4th at 1203–04. Considering that Petitioner (like the *Werle* defendant) was sentenced to more than, and served less than, one year, this citation raises the naked possibility that Petitioner could have forgotten the length of his sentence. But Petitioner fails to garb this possibility with any specific reason why he might have forgotten, and indeed fails even to directly claim that he did not remember his sentence. (*See* Docs. 1, 28, 32). Whereas in *Werle* two and five years passed between the defendant's respective sentencings and his possession of a firearm, here only 90 days passed. *Werle*, 35 F.4th at 1204. Further, unlike Petitioner, the *Werle* defendant alleged that he had suffered irreversible brain damage as a child and, discussing his sentence for his predicate

conviction at his federal sentencing hearing, said "I don't remember off the top of my head the length of it," stating that he believed "it was a sign-and-get-out-that-day type of deal" when actually he had served 215 days. *Id.* at 1203 (cleaned up). Petitioner has failed to proffer any similar allegations supporting his own supposed amnesia, and therefore has necessarily also failed to meet his burden of proving "by a preponderance of the evidence . . . not just that the evidence against him was weak, but that it was so weak that no reasonable juror would have convicted him." *Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000) (cleaned up). Petitioner has therefore also failed to make the showing required under the § 2255 escape hatch.

Petitioner asserts that each of the published Ninth Circuit opinions denying relief for *Rehaif* errors in § 922(g)(1) cases involved a defendant who served more than one year in prison—which is true enough. *See, e.g.*, *United States v. Davis*, 33 F.4th 1236, 1240 (9th Cir. 2022); *United States v. Pollard*, 20 F.4th 1252, 1257 (9th Cir. 2021); *United States v. Door*, 996 F.3d 606, 618 (9th Cir. 2021). But the Court notes that it is the inclusion of the word "published" which chiefly contrives to make the sentence true, as the Ninth Circuit has denied relief under *Rehaif* to a defendant who served less than a year in prison in at least one *unpublished* opinion. *See United States v. Alexander*, 834 F. App'x 312, 317–18 (9th Cir. 2020). Even putting unpublished opinions aside, the cases Petitioner cites yield only the uncontroversial proposition that, if a defendant spent more than one year in prison, then he cannot prove he was ignorant of having been sentenced to a term of more than one year. This proposition supports Petitioner's assertion of actual innocence only insofar as reversing it indicates that because he did not spend more than one year in prison, his chance to prove his ignorance is not wholly foreclosed. In failing to present evidence or reasons tending to show that he forgot the length of his sentence, however, Petitioner has failed to take advantage of that chance, and his citation of the above cases is therefore unavailing.

Petitioner also intimates that the phrase "punishable by" a term exceeding a year must mean something like "actually served a sentence exceeding a year," arguing that he could not have violated § 922(g)(1) because he only served four months. (*See* Docs. 1 at

5–6; 32 at 4–5). It is true that the Ninth Circuit has interpreted the requirement that a crime be "punishable by" a term longer than a year to mean that a prisoner must have been "actually exposed" to a sentence longer than a year. *United States v. McAdory*, 935 F.3d 838, 840 (9th Cir. 2019) (citing *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019)). But this only requires that, considering the statutory sentence range together with mandatory sentencing guidelines, a court could have imposed upon a particular defendant a sentence exceeding one year—not that the defendant need actually serve (or even receive) a sentence of more than one year. *See Valencia-Mendoza*, 912 F.3d at 1222–24. It is not disputed that, at the time Petitioner was convicted of the predicate crime, the *shortest* term of imprisonment to which he could have been sentenced was two years. Petitioner was therefore actually exposed to a term of imprisonment exceeding one year. Thus, to the extent Petitioner argues he did not have the relevant status when possessing a firearm because § 922(g)(1) requires a defendant to have actually served more than a year in prison, he is incorrect.

In sum, because Petitioner has not shown it more likely than not that no reasonable juror would have convicted him of violating § 922(g)(1), the Court agrees with the conclusion of the R&R that the § 2255 escape hatch is unavailable and that the petition is properly understood as a motion under § 2255, which must be filed in the sentencing court. The Court therefore also agrees with the conclusion of the R&R that this Court lacks jurisdiction over the petition.

**c. Dismissal or Transfer**

Because the petition is properly characterized as a § 2255 petition over which the Court lacks jurisdiction, the Court must determine whether to transfer the petition to the sentencing court or to dismiss it. The transfer of § 2255 petitions to cure jurisdictional defects is governed by 28 U.S.C. § 1631. *Hernandez*, 204 F.3d at 865 n.6. Under § 1631 an action may be transferred from a court that lacks jurisdiction to a court which could have exercised jurisdiction at the time the action was filed so long as the transfer is in the interest of justice. 28 U.S.C. § 1631. This Court's search of the Seventh Circuit's docket

has not found that any person named Phillip Charleston has obtained permission to file a second or successive § 2255 motion since Petitioner's last attempt to obtain such authorization was denied, and the R&R also found that Petitioner has not obtained such authorization—a finding to which Petitioner did not object. (*Compare* Doc. 31 at 9, *with* Doc. 32). Further, transferring this action to the Northern District of Indiana would complicate Petitioner's procedural route should he wish to seek to appeal this order to the Ninth Circuit. Such a transfer would therefore be futile and not in the interest of justice. *See, e.g.*, *Prutting v. Martinez*, 2021 WL 3796436, at *9 (C.D. Cal. Aug. 25, 2021).

### d. Certificate of Appealability

A certificate of appealability ("COA") is not typically needed before an appeal may be taken from an order dismissing a § 2241 petition. *Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir. 1997) (citing 28 U.S.C. § 2253(c)(1)). But where a § 2241 petition challenges the legality of a petitioner's conviction rather than the execution of his sentence, a COA is required. *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001). Here, "jurists of reason" would not "find it debatable" that the Court is "correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court hereby adopts the recommendation of the R&R to deny a COA.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Report and Recommendation (Doc. 31) is accepted and adopted. The objections (Doc. 32) are overruled.

**IT IS FURTHER ORDERED** that the petition in this case (Doc. 1) is denied and dismissed without prejudice for lack of jurisdiction, and the Clerk of the Court shall enter judgment accordingly.

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, in the event Petitioner files an appeal the Court denies issuance of a certificate of appealability.

Dated this 1st day of December, 2022.

James A. Teilborg
Senior United States District Judge